CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE ANDRES MONTANO, on behalf of himself     :     Case No. 16-CV-6859
and others similarly situated,                :
                                              :
                             Plaintiff,       :     **FLSA COLLECTIVE**
                                              :     **ACTION COMPLAINT**
        -against-                             :
                                              :
D&D'S IMPRESSIVE AUTO COLLISION INC., and     :     **Jury Trial**
DANIEL STEININGER,                            :     **Demanded**
                                              :
                             Defendants.      :
------------------------------------------------------------------X

Plaintiff JOSE ANDRES MONTANO (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants D&D'S IMPRESSIVE AUTO COLLISION INC., ("D&D'S IMPRESSIVE AUTO COLLISION"), and DANIEL STEININGER (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, D&D'S IMPRESSIVE AUTO COLLISION, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 334 E. 126th Street, New York, New York 10035.

7. Defendant, D&D'S IMPRESSIVE AUTO COLLISION, had a former principal place of business located at 415 W. 54th Street, New York, New York 10019.

8. Defendant, DANIEL STEININGER, is the owner, President, and Chief Executive Officer of D&D'S IMPRESSIVE AUTO COLLISION, and is an officer, director, manager, supervisor, and proprietor of D&D'S IMPRESSIVE AUTO COLLISION, who participated and continues to participate in the day-to-day operations of D&D'S IMPRESSIVE AUTO COLLISION, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations

promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with D&D'S IMPRESSIVE AUTO COLLISION.

9. Defendant, DANIEL STEININGER, exercised control over the terms and conditions of Plaintiff's employment in that he has, and has had, the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. Upon information and belief, at least within each of the three (3) most recent years relevant to the claims herein, D&D'S IMPRESSIVE AUTO COLLISION was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11. Defendants employed Plaintiff in New York County, New York, to work as a non-exempt auto repairman for Defendants' auto repair business from in or about August 2013 through in or about December 2014.

12. The work performed by Plaintiff was directly essential to the business operated by Defendants.

13. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

14. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

15. Defendant, DANIEL STEININGER, actively participates in the day-to-day operation of D&D'S IMPRESSIVE AUTO COLLISION. For instance, he supervises and directs the work of the employees, instructs them how to perform their jobs, and corrects them for any errors made.

16. Defendant, DANIEL STEININGER, creates and approves all crucial business policies. This includes decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and whether the employees are entitled to a pay raise and, if so, the amount of the raise.

17. In or about August 2013, the Defendants hired Plaintiff to work as a non-exempt auto repairman.

18. Plaintiff worked for the Defendants in such capacity through in or about December 2014.

19. During the course his employment, Plaintiff worked over forty (40) hours per week.

20. From the beginning of his employment and continuing through in or about January 2014, Plaintiff worked five (5) days per week, and his work shift consisted of thirteen (13) hours per day from 8:00 a.m. until 9:00 p.m. Plaintiff normally received a forty-five (45) minute break each day.

21. During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid on a salary basis at the rate of $1,050 per week

straight time for all hours worked, and worked sixty-one and one-quarter (61¼) hours per week (for a regular rate of $17.14 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

22. Beginning in or about February 2014 and continuing through the remainder of his employment in or about December 2014, Plaintiff worked five (5) days per week, and his work shift consisted of eleven (11) hours per day from 7:00 a.m. until 6:00 p.m. Plaintiff normally received a forty-five (45) minute break each day.

23. During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid on a salary basis at the rate of $1,050 per week straight time for all hours worked, and worked fifty-one and one-quarter (51¼) hours per week (for a regular rate of $20.49 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

24. Defendants failed to pay Plaintiff any wages for the last week of his employment.

25. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

26. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt, non-managerial employees who have been or were employed by the Defendants since August 31, 2013 until the close of the opt-in period (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

28. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

29. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

30. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

31. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

32. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d.    Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    e.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    f.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

33.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

34.    Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

35.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36.    At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

38. Upon information and belief, at during the years relevant to the allegations herein, D&D'S IMPRESSIVE AUTO COLLISION had gross revenues in excess of $500,000.

39. Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

40. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

41. At all relevant times, the Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due

and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

43. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

44. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

45. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

47. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, the Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

51. Defendants failed to furnish Plaintiff with a statement with every payment of wages properly listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

52. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

53. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

54. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

55. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, JOSE ANDRES MONTANO, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of liquidated damages as a result of failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(f) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       August 31, 2016

                                    Respectfully submitted,

                                    CILENTI & COOPER, PLLC
                                    *Attorneys for Plaintiff*
                                    708 Third Avenue – 6th Floor
                                    New York, NY 10017
                                    Telephone (212) 209-3933
                                    Facsimile (212) 209-7102

By: _____
       Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Jose Montano__, am an employee currently or formerly employed by __D & DS Impressive Auto collision__ and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__08-03__, 2016

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019